Justice, RUCKER,
dissenting.
The Tax Court determined that Indiana Code section 6-3-2-2(e)(l) is ambiguous. And I agree. Acknowledging Miller’s argument in this regard the court had this to say:
*805 Under one construction, Miller explains, the statutory language can be construed to mean that a sale is an Indiana sale if the property’s purchaser is domiciled or has a business situs in Indiana, no matter where the merchandise is shipped or delivered; under the other construction, however, the statutory language can be construed to mean that a sale is an Indiana sale if the property is delivered or shipped to this state whether or not the purchaser has an Indiana domicile or business situs.
Miller Brewing Co. v. Ind. Dep’t of State Revenue, 955 N.E.2d 865, 868-69 (Ind. Tax Ct.2011). To resolve this ambiguity the court looked to the Department’s own clarifying regulations. Since 1979 the Department has provided guidance on when a sale of goods is “in this state” or not and has provided useful examples. One of which is Example 7, which provides in relevant part, “Sales are not ‘in this state’ if the purchaser picks up the goods at an out-of-state location and brings them back into Indiana in his own conveyance.” 45 Ind. Admin. Code 3.1-1-58 ex. 7. In granting summary judgment in favor of Miller the Tax Court found persuasive “the Department’s interpretation — as embodied in its own regulation....” Miller Brewing Co., 955 N.E.2d at 870.
“When a summary judgment involves a question of law within the particular purview of the Tax Court, cautious deference is appropriate.” Ind. Dep’t of State Revenue v. Bethlehem Steel Corp., 639 N.E.2d 264, 266 (Ind.1994). This Court will set aside the Tax Court’s determinations of tax law on summary judgment only if it is definitely and firmly convinced that an error was made. Id. I am not convinced an error was made here. Applying our cautious deference standard of review I would affirm the judgment of the Tax Court. Therefore I respectfully dissent.